**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

Civil Action No.

SANDRA BETH EMMANUEL, as Personal
Representative of the Wrongful Death Estate
of ROBERT D. SCOTT,

    Plaintiff,

v.

VERLANDER ENTERPRISES, LLC
d/b/a VILLAGE INN RESTAURANT,

    Defendant.

## NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT

Pursuant to U.S.C. §§ 1332, 1441, and 1446 and D.N.M. LR-Civ. 81.1, Defendant Verlander Enterprises, LLC d/b/a Village Inn Restaurant ("Verlander"), through its attorneys, Lasater & Martin, P.C. (Carli M. Marshall), respectfully gives notice of the removal to the United States District Court for the District of New Mexico, the state court action captioned *Sandra Beth Emmanuel, as Personal Representative of the Wrongful Death Estate of Robert D. Scott v. Verlander Enterprises, LLC d/b/a Village Inn Restaurant*, case number D-307-CV-2022-01705, filed in the District Court of Dona Ana County, New Mexico (the "State Court Action"). In support of removal, Defendant states as follows:

1

## BACKGROUND

1. On September 16, 2022, Sandra Beth Emmanuel ("Plaintiff") filed a complaint (the "Complaint") in the State Court Action. Exhibit 1. Plaintiff's Complaint asserts a wrongful death under NMSA §§ 41-2-1 – 41-2-3, and negligence against Defendant arising out of the death of Robert D. Scott ("Decedent") from a fall outside of a restaurant owned and operated by Defendant. Exhibit 1 at ¶¶ 5-19.

2. On October 18, 2022, Defendant filed its Answer and Jury Demand in the State Court Action, attached as Exhibits 2 and 3, after service of the Complaint was made and accepted by Defendant's counsel via email on September 19, 2022. A copy of the email providing notice is attached as Exhibit 4.

3. Pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), venue is proper in the United States District Court for the District of New Mexico because the State Court Action is currently pending in the District Court of Dona Ana, New Mexico, and this Court is therefore the "district and division embracing the place where the action is pending." 28 U.S.C. § 1441(a).

4. Pursuant to 28 U.S.C. § 1446(d), Defendant will file with the Clerk of the District Court of Dona Ana, New Mexico, and will serve on the adverse party, a true and correct copy of this Notice of Removal.

## GROUNDS FOR REMOVAL

5. Under 28 U.S.C. § 1441, a defendant in state court may remove the case to federal court when a federal court would have had jurisdiction if the case had been filed there originally. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (cited in *Topeka Housing Auth. v. Johnson*,

404 F.3d 1245, 1247 (10th Cir. 2005)). The party seeking to invoke federal diversity jurisdiction bears the burden of showing that the complete diversity and the amount in controversy requirements are met at the time of removal. *McPhail v. Deere & Co.*, 529 F.3d 947, 955-56 (10th Cir. 2008). As shown below, this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity between Plaintiff and Defendant and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Plaintiff – the daughter of Decedent – was appointed Personal Representative of the Estate of Robert D. Scott in Case No. D-101-CV-2021-02413. Exhibit 5.

7. Decedent was a citizen of the State of New Mexico, and thus Plaintiff[1] is a citizen of the State of New Mexico for the purpose of 28 U.S.C. § 1332(c)(2) or 28 U.S.C. § 1441(b). Exhibit 6 at ¶ 4.

8. Defendant is now and has been at all times relevant to claims set forth in the Complaint, a foreign limited liability company with its principal place of business in El Paso, TX, the state listed in its organization certificate. Exhibit 7. Defendant is a citizen of the State of Texas for purposes of diversity and is not a citizen of New Mexico for the purpose of 28 U.S.C. § 1332(c)(1) or 28 U.S.C. § 1441(b).

9. As such, there exists complete diversity of citizenship among the parties under 28 U.S.C. § 1332(a)(1) because Defendant is not a citizen of the same state as Plaintiff.

---

[1] Plaintiff is also a citizen of the State of New Mexico. Exhibit 6 at ¶ 4.

10. Where a complaint does not contain an "ad damnum" clause, as is the case in this matter, the removing defendant must allege by a preponderance of the evidence that the amount in controversy may exceed $75,000. *McPhail*, 529 F.3d 953. Such a showing is satisfied where the removing defendant's notice of removal establishes facts supporting the "assertion that the case may involve more than $75,000." *Id.* 955.

11. The party seeking removal can meet its burden where the complaint presents a combination of facts and theories of recovery which may support a claim in excess of $75,000. *Id.* 955-56.

12. Here, Plaintiff alleges the Decedent suffered serious injuries including fractures of the L4 and L5 vertebra and associated discs, which ultimately led to his death. Plaintiff seeks damages for medical, hospital, and nursing expenses, conscious pain, suffering, mental anguish, emotional distress and excruciating physical agony prior to Decedent's death. Plaintiff also seeks damages for funeral and burial expenses, impairment, disfigurement, hedonic damages for the loss of the Decedent's life, and punitive damages. Lastly, Plaintiff brings claims related to Decedent's adult children for loss of consortium, loss of support, inheritance, and contribution, and loss of care, maintenance, support, services, advice, and counsels. Ex. 1 at ¶¶ 8-9, 20-21. The combined theories and facts alleged support claims in excess of $75,000 sufficient for removal.

13. Because Defendant is not a citizen of the same state as Plaintiff, Defendant is not a citizen of the state in which the action was filed, and the amount in controversy exceeds $75,000, this action may be removed to this Court on diversity grounds pursuant to 28 U.S.C. §§ 1332 and 1441(a).

14. Pursuant to D.N.M. LR-Civ. 81.1 (a), copies of all records and proceedings in the State Court Action to date are attached to this Notice of Removal as follows: Plaintiff's Complaint Ex. 1; Defendant's Answer Ex. 2; Defendant's Jury Demand Ex. 3.

15. As shown in the Notice of Filing Notice of Removal, attached as Exhibit 8, Defendant has given notice of removal to the Clerk of the Dona Ana County District Court and to Plaintiff's counsel.

WHEREFORE, Defendant Verlander removes this action from the District Court of Dona Ana County, New Mexico to the United States District Court for the District of New Mexico.

Respectfully submitted,

LASATER AND MARTIN, PC

By: ___/s/ Carli M. Marshall___
      Carli M. Marshall
*Attorneys for Defendant Verlander Enterprises, LLC d/b/a Village Inn Restaurant*
3500 Comanche Road NE, Bldg. D
Albuquerque, New Mexico 87107
(505) 209-2452
carli@lasaterandmartin.com

## CERTIFICATE OF SERVICE

I CERTIFY that a true and correct copy of the foregoing pleading was served on Plaintiff's counsel via email on this 19th day of October 2022.

*/s/ Carli M. Marshall*
Carli M. Marshall