IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SANDRA BETH EMMANUEL, as Personal
Representative of the Wrongful Death Estate
Of Robert D. Scott,

    Plaintiff,

v.                                                        Civ. No. 22-0779 KG/GJF

VERLANDER ENTERPRISES, LLC
d/b/a VILLAGE INN RESTAURANT,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court *sua sponte* on its review of the docket. The Court has a duty to determine whether subject-matter jurisdiction exists. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). The Court, having considered the Complaint and the Notice of Removal, the applicable law, and being otherwise fully advised in the premises, concludes that the Notice of Removal fails to allege the necessary facts of citizenship in order to sustain diversity jurisdiction. Therefore, the Court will order Defendant to file an Amended Notice of Removal no later January 20, 2023.

Defendant filed the Notice of Removal (Doc. 1) on October 19, 2022, citing diversity as the basis for this Court's subject matter jurisdiction. *Id.* Defendant asserts that it is a "foreign limited liability company with its principal place of business in El Paso, TX, the state listed in its organization certification . . . [and] is a citizen of the State of Texas[,]" and Plaintiff is a citizen of New Mexico. *Id.* at 3. Furthermore, Defendant asserts that more than $75,000 are in controversy. *Id.* at 4. While Defendant adequately alleges Plaintiff's citizenship, it failed to adequately state its own.

The district court must be satisfied that it has subject matter jurisdiction. *State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1270–71 (10th Cir. 1998). Subject matter jurisdiction cannot be waived and thus may be raised by the parties or *sua sponte* at any time. *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).

District courts have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332(a). Jurisdiction under § 1332 requires diversity of *citizenship*. The party asserting jurisdiction must plead citizenship distinctly and affirmatively; allegations of residence are not enough. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015). Domicile, the equivalent of state citizenship, requires more than mere residence; domicile exists only when residence is coupled with an intention to remain in the state indefinitely. *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014).

Determining the citizenship of a limited liability company is different from determining the citizenship of a corporation under § 1332. A corporation is deemed to be a citizen of the state in which it is incorporated *and* in which it maintains its principal place of business. *See* § 1332(c). Limited liability companies, however, are treated as partnerships for citizenship purposes and are therefore citizens of each and every state in which any member is a citizen. *Siloam Springs Hotel*, 781 F.3d at 1234.

Here, the facts set forth in the Complaint and the Notice of Removal do not sufficiently establish Defendant's citizenship because they fail to allege the citizenship of its members. Defendant may amend its Notice of Removal to properly allege the citizenship of its members.

Defendant's may amend their Notice of Removal no later than January 20, 2023. If an amended Notice of Removal is not filed by January 20, 2203, the Court may remand this case for lack of subject matter jurisdiction.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE